UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE CANTU,

    Plaintiff,

v.

M. A. VELAZQAZ,

    Defendant.

Case No. 17-cv-02636-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. No. 3

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his legal documents were confiscated and then discarded. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354-55. Destruction or confiscation of legal work may violate an inmate's right to access to the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

During a search of plaintiff's cell, correctional officers confiscated a pillow case that was full of papers and had a rope tied to the top. Correctional officers believed it was a manufactured weight bag for exercising which was not permitted. Plaintiff states that the bag contained his legal documents. The pillow case and legal documents were not returned and appear to have been discarded. Plaintiff states that he was hindered in his ability to litigate a state habeas petition.

Plaintiff has not presented sufficient allegations to support a cognizable claim. The complaint is dismissed with leave to amend to provide more information. To proceed with a claim for denial of access to the courts or for destruction of legal work, plaintiff must establish an actual

2

injury. In an amended complaint, plaintiff should describe in more detail what occurred in his state habeas petition and any injury that resulted from the lack of his legal materials.

Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex, therefore the request is denied.

## CONCLUSION

1. Plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED**.

2. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 22, 2017

JAMES DONATO
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CANTU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. A. VELAZQAZ,<br><br>　　　　Defendant. | Case No. 17-cv-02636-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Cantu ID: T73021
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 22, 2017

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By: /s/ Lisa R. Clark
　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　Honorable JAMES DONATO

4