UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CANTU aka JESUS CANTU,<br><br>    Plaintiff,<br><br>v.<br><br>M. A. VELAZQAZ,<br><br>    Defendant. | Case No. 17-cv-02636-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his legal documents were confiscated and then discarded. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55. Destruction or confiscation of legal work may violate an inmate's right to access to the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

During a search of plaintiff's cell, correctional officers confiscated a pillow case that was full of papers and had a rope tied to the top. Correctional officers believed it was a manufactured weight bag for exercising which was not permitted. Plaintiff states that the bag contained his legal documents. The pillow case and legal documents were not returned and appear to have been discarded. Plaintiff states that he was hindered in his ability to challenge his conviction. The complaint was dismissed with leave to amend for plaintiff to provide more information to

2

establish actual injury.

In the amended complaint, plaintiff states that the loss of his legal documents which included transcripts prevented him from effectively presenting a non-frivolous claim about his criminal conviction. While plaintiff has presented a formulaic recitation of the elements of the cause of action, this is insufficient, and plaintiff must present well-pleaded factual allegations that plausibly give rise to an entitlement to relief. The amended complaint is dismissed with leave to amend to provide more information regarding how he suffered an actual injury. Plaintiff should describe when he was convicted, the status of his appeals, and what specific appeal was disrupted by the confiscation of the legal documents.

Plaintiff states that he was sentenced to life without the possibility of parole on January 30, 2015, related to case No. FVA014405. However, it appears that plaintiff could be discussing his conviction for three counts of first degree murder on case No. FVA014405 that was affirmed on direct appeal by the California Court of Appeal on October 28, 2003. *People v. Jesus Cantu*, No. E032702, 2003 WL 22436095 (Cal. Ct. App. Oct. 28, 2003). That case was affirmed but remanded for resentencing to stay certain aspects of the sentence. *Id*. at *4. Plaintiff also appears to have filed a habeas petition in the California Court of Appeal that was denied on January 5, 2015. In a second amended complaint plaintiff should provide more detail concerning the status of his appeal and how there was an actual injury.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 8, 2017

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CANTU,<br><br>    Plaintiff,<br><br>v.<br><br>M. A. VELAZQAZ,<br><br>    Defendant. | Case No. 17-cv-02636-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Cantu ID: T73021
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: August 8, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO